### 10187.  ADAMS *v.* ELBERT COUNTY.

BLOODWORTH, J.  1. When considered in connection with the entire charge of the court and in the light of the evidence, there is no error harmful to the plaintiff in the excerpt from the charge of which complaint is made in the motion for a new trial.

2. "This court, by the constitutional amendment creating it, is limited in jurisdiction to the correction of errors of law alone, and therefore has no power to grant a new trial on the ground that the verdict is strongly contrary to the weight of evidence, if there is any evidence at all to support it." *Edge* v. *Thomas,* 9 *Ga. App.* 559 (71 S. E. 875); *Cook* v. *McMurria,* 19 *Ga. App.* 491 (91 S. E. 785); *Toole* v. *Jones,* 19 *Ga. App.* 24 (90 S. E. 732); *McCarty* v. *Keys,* 19 *Ga. App.* 494 (91 S. E. 875).

3. There is some evidence to support the verdict, and the judgment is
*Affirmed. Broyles, P. J., and Stephens, J., concur.*
DECIDED SEPTEMBER 18, 1919.

Action for damages; from city court of Elberton—Judge Tutt. October 12, 1918.

The action was for injury to the plaintiff from a fall when an automobile in which he was riding struck the guard-rail of a bridge of the defendant county, and the rail, which was alleged to be rotten and unsafe, gave way and the automobile was precipitated from the bridge.  The verdict was for the defendant.

The extract from the charge to which exception was taken is as follows: "If you believe from the evidence in this case that the automobile in which the plaintiff was riding at the time that he alleges he was injured was being driven and operated by a person under the age of sixteen years, and if you further believe that the plaintiff knew that the said driver was under the age of sixteen years, then I charge you that any negligence of the driver on the occasion under investigation would be imputed to the plaintiff; and if you believe, from the evidence, that the injuries of the plaintiff, if any, were caused by the negligence of the driver, or by

the failure of such driver to exercise ordinary care, or that the injuries of the plaintiff could have been avoided by the exercise of ordinary care on the part of the part of the plaintiff or the driver of said car, then the plaintiff can not recover." It is alleged that this is error because it precludes recovery if the plaintiff knew that the driver was under sixteen years of age; because it fails to submit to the jury the question whether the plaintiff was negligent or not in entering the car driven by a person under the age of sixteen years; because the negligence of the driver is not imputable to the plaintiff, it not appearing that he exercised or was under any duty to exercise control over the driver's actions, and because the question whether he was under such duty was not submitted to the jury.

*J. T. Sisk,* for plaintiff. *Z. B. Rogers,* for defendant.